IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JAY HARRIS,

        Plaintiff,                    No. 2:12-cv-0185 GEB KJN P

    vs.

C/O ROBINETTE, et al.,

        Defendants.            <u>ORDER TO SHOW CAUSE</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff claims defendants Robinette, Shiplet, and Young maliciously and sadistically harmed plaintiff in violation of the Eighth Amendment.

However, plaintiff concedes he failed to exhaust his administrative remedies prior to seeking federal court intervention. (Dkt. No. 1 at 2.) Plaintiff states he has a pending 602 appeal no. HDSP-C-11-01498. (Dkt. No. 1 at 6.)

Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).[1] A final decision from the Director's level of review satisfies the exhaustion requirement under 42 § 1997e(a). Barry v. Ratelle, 985 F.Supp. 1235, 1237-38 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5). Plaintiff is cautioned that he cannot exhaust administrative remedies while the instant action is pending; he must exhaust those remedies prior to filing a federal court action. Plaintiff risks incurring two court filing fees if he opts to continue this litigation without first exhausting his remedies because he will have to file another case if the instant action is dismissed based on his failure to exhaust state court remedies.

It is unclear whether plaintiff has now received a third level decision on appeal no. HDSP-C-11-01498. Accordingly, plaintiff is ordered to show cause why this action should not be dismissed without prejudice based on plaintiff's failure to first exhaust his administrative remedies. If plaintiff has received a third level decision, he may re-file his complaint as a new action.

////
////
////
////
////
////

---

[1] Although the issue of the failure to exhaust administrative remedies is ordinarily raised as an affirmative defense, the court addresses the issue herein because plaintiff concedes that he has failed to exhaust his administrative remedies.

3

In accordance with the above, IT IS HEREBY ORDERED that within thirty days plaintiff shall show cause, if any, why this action should not be dismissed without prejudice. Failure to timely respond to this order may result in a recommendation that this action be dismissed.

DATED: May 21, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

harr0185.14